BELL
v.
HALL.

## BELL against HALL.

Where a defendant is held to bail, in an action for a libel in a court of common pleas, and he removes the cause to the supreme court by *habeas corpus*, he must put in bail in the supreme court: though if the cause had been originally commenced in the supreme court, he might not have been held to bail.

\* 1 *Salk.* 191.
*S. C. L. Raym.* 767.
† 2 *Sell. Pr.* 877.

THIS was an action for a *libel*, originally commenced in the mayor's court, of the city of *New-York*, where the defendant was held to bail, according to the course and practice of that court, in the sum of 5,000 dollars. The cause having been removed into this court, by *habeas corpus*, *T. Sedgwick* now moved, that the defendant be discharged, on filing *common bail*. He contended, that as the defendant could not have been held to bail in this court, except under a special order for that purpose, grantable at the discretion of the court, the cause when it is removed here, by *habeas corpus*, must be governed by the same rules; and the court would exercise the same discretion, as to bail. In *Lumley* v. *Quarry*,\* *Holt*, Ch. J. said, that on the removal of a cause on *habeas corpus*, the K. B. would inquire into the cause of action. The rule mentioned by *Sellon*,† is one of the old rules of the court of K. B.

‡ 1 *Salk.* 98.

*Henry*, contra, insisted, that the settled rule of practice was, that where the plaintiff was, by law, entitled to bail, the defendant could not, by removing the cause from the inferior court, get rid of the bail. This is the established practice of the court of K. B. in *England*;‡ and in all cases not provided for by the rules of our own courts, and where the practice is unsettled, this court follows the practice of the K. B.

PER CURIAM. It is the right of the plaintiff, to commence his action, if he thinks proper, in the inferior court; and being entitled to bail in this action, in that court, he ought not to be deprived of it, by the act of the defendant, in removing the cause into this court. And it is the settled practice of the K. B. in *England*, that where the defendant is held to bail, in the court below, he must, on removing the cause, put in bail on the *habeas corpus*.

Motion denied.